# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LESLIE MANNING, JR., | Case Nos. 1:15-cv-00530-DLB PC |
| Plaintiff, | 1:16-cv-00049-LJO-DLB PC |
| v. | ORDER CONSOLIDATING CASES |
| M. STAINER, et al., | FINDINGS AND RECOMMENDATION DISMISSING COMPLAINT |
| Defendants. | |

Plaintiff David Leslie Manning, Jr., a state prisoner proceeding pro se and in forma pauperis, filed a civil rights action pursuant to 42 U.S.C. § 1983 on April 6, 2015 in Case No. 1:15-cv-00530-DLB PC. Plaintiff seeks relief from a decision denying early parole release. On November 18, 2015, Plaintiff filed a second civil rights action. That action has been assigned Case No. 1:16-cv-00049-LJO-DLB PC. The complaint presents the same claims concerning denial of early parole release. In light of the fact the two complaints concerned the same claims, the Court ordered the cases related and reassigned them to the undersigned.

In his complaint in the second action, Plaintiff acknowledges that the first case is still pending. Plaintiff states he filed the second action because in the first action he had failed to exhaust his administrative remedies. He states his appeal has now been denied at the Third Level of Review, and he has submitted a copy of the appeal decision dated November 4, 2015. The Third Level decision was therefore rendered prior to the filing of the second action but after the

filing of the first action.

Plaintiff may not proceed with two actions based on the same claims against the same defendants. Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). The purpose of consolidation is to avoid unnecessary cost or delay where the claims and issues contain common aspects of law or fact. E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). In determining whether to consolidate cases, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Southwest Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F.Supp. 805, 807 (N.D. Cal. 1989). Here, the interest of justice would best be served if the two actions were consolidated. The parties will not be prejudiced because the defendants have not yet been served and the complaints have not yet been screened. Therefore, the Court will order the cases consolidated.

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 662, 678 (2009) (citing Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no *respondeat superior* liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Both complaints present essentially the same claims.  Plaintiff is currently incarcerated at Atascadero State Hospital in Atascadero, California.  He contends he has been denied an early parole release date by the Board of Parole Hearings ("BPH") despite being eligible for a fifty percent (50%) reduction in sentence.  Plaintiff complains that the BPH relied on "Exclusionary Criteria #9," but Plaintiff alleges that this was wrong and he does in fact fit the criteria for "#9." He states his early parole release date should have been on March 12, 2015.

Plaintiff requests money compensation.

**C.     DISCUSSION**

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005).

Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because Plaintiff's challenge to the BPH's denial of parole affects the duration of Plaintiff's sentence, Plaintiff's due process claim is barred until such time as Plaintiff invalidates the result of the BPH decision.

**D.     CONCLUSION**

Plaintiff's claims are barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) and must therefore be dismissed. In light of the fact that the deficiencies at issue are not curable by amendment, the Court will recommend the complaint be dismissed without leave to amend.

**E.     ORDER**

Accordingly, IT IS HEREBY ORDERED that Case Nos. 1:15-cv-00530-DLB-PC and 1:16-cv-00049-LJO-DLB-PC are CONSOLIDATED.

**F.     RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the complaints be DISMISSED, without leave to amend and the actions be TERMINATED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///

4

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: **February 26, 2016**            /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE